2008R01270
LSH/JA

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Honorable Stanley R. Chesler |
| *Plaintiff*, | Criminal No. 11-610 (SRC) |
| v. | FINAL ORDER OF FORFEITURE |
| KIM S. MORRIS, <br> a/k/a "Kim Morris," <br> a/k/a "Kim S. Morris-Burchell," | |
| *Defendant.* | |

**WHEREAS**, on September 15, 2011, defendant Kim S. Morris, a/k/a "Kim Morris," a/k/a "Kim S. Morris-Burchell," (the "Defendant") pled guilty pursuant to a plea agreement with the United States to an Information charging her with bank fraud in violation of 18 U.S.C. §§ 1344 and 2, and structuring in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(1) and 18 U.S.C. § 2; and

**WHEREAS**, pursuant to 18 U.S.C. § 981(a)(2) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 1344 shall forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation; and

**WHEREAS**, pursuant to 31 U.S.C. § 5317(c)(1) a person convicted of an offense in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(1) and 18 U.S.C. § 2

shall forfeit to the United States all property, real or personal, involved in the offense or traceable thereto; and

**WHEREAS** the sum of $708,855.55 is subject to forfeiture by the Defendant as property that constitutes or is derived from proceeds of the bank fraud and as property that was involved or traceable to the structuring that the Defendant has pled guilty to; and

**WHEREAS** if by any act or omission of the Defendant, any property subject to forfeiture:

- (A) cannot be located upon the exercise of due diligence;
- (B) has been transferred or sold to, or deposited with, a third party;
- (C) has been placed beyond the jurisdiction of the court;
- (D) has been substantially diminished in value; or
- (E) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and

**WHEREAS** the United States has not, as of this date, identified specific assets that constitute or are derived from proceeds of the bank fraud and involved in or traceable to the structuring that the Defendant has pled guilty to,

nor has the United States yet identified any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p); and

**WHEREAS** Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

**WHEREAS** good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT**, pursuant to 18 U.S.C. § 982(a)(2); 28 U.S.C. § 2461(c), and 31 U.S.C. § 5317(c)(1), the Defendant shall forfeit to the United States the sum of $708,855.55; and

**IT IS FURTHER ORDERED** that a money judgment in the amount of $708,855.55 shall be entered against the Defendant; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e); and

**IT IS FURTHER ORDERED** that the United States may move at any time pursuant to Rule 32.2(e) and 21 U.S.C. § 853(p) to amend this Order of Forfeiture to include substitute property having a value not to exceed $708,855.55 in United States currency to satisfy the forfeiture money judgment in whole or in part.

**ORDERED** this \_\_\_1\_\_\_ day of \_\_\_February\_\_\_, 2012.

_____
Honorable Stanley R. Chesler
United States District Judge